## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR VOLUSIA COUNTY, FLORIDA
## CIVIL DIVISION

**JENNIFER KRAVCHUCK,**

      Plaintiff,                               Case No.:

v.

**SAMSUNG ELECTRONICS AMERICA, INC.**
And **T-MOBILE USA, INC.,**
(as successor in interest to Sprint),
      Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **JENNIFER KRAVCHUCK** (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, and hereby sues the Defendants, **SAMSUNG ELECTRONICS AMERICA, INC.** and **T-MOBILE USA, INC.** (hereinafter referred to as "Defendants"), and states:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages in excess of $50,000.00, within the jurisdictional limits of this Court.

2. The Plaintiff, JENNIFER KRAVCHUCK, is over the age of eighteen (18), and at all times material and relevant hereto was and is a resident and domiciliary of Volusia County, Florida, and is otherwise sui juris.

3. The Defendant, SAMSUNG ELECTRONICS AMERICA, INC., is a foreign corporation authorized to do business in the State of Florida, with its principal place of business in New Jersey. Its Registered Agent is C T Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

4. The Defendant, T-MOBILE USA, INC., is a Delaware corporation authorized to do business in the State of Florida, acting as the successor in interest to Sprint Corporation following their merger completed in 2020. Its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

**EXHIBIT "A"**

5. Venue is proper in Volusia County, Florida, pursuant to Florida Statutes, Chapter 47, as well as the applicable and interpreting Florida case law regarding venue.

## GENERAL ALLEGATIONS

6. On or about March 10, 2022, Plaintiff purchased a Samsung Galaxy S21 5G smartphone, Model SM-G991U, from a retail store operated by Defendant T-MOBILE USA, INC. (then branded "Sprint now part of T-Mobile"). T-MOBILE is sued herein as the legal successor in interest to Sprint for all liabilities arising from that transaction.

7. The subject device was equipped with a lithium-ion battery integrated into a sealed, non-user-serviceable housing designed, manufactured, and placed into the stream of commerce by Defendant SAMSUNG.

8. On or about March 21, 2024, while Plaintiff was using the device in a foreseeable manner, the device experienced a catastrophic thermal runaway event. The device spontaneously overheated to extreme temperatures while in contact with Plaintiff's body.

9. As a direct result, Plaintiff suffered severe burns on her left hip and thigh area requiring emergency medical treatment at Advent Health DeLand, where medical personnel confirmed the burns were consistent with a high-heat thermal event from the mobile device.

10. As a direct result of the thermal event, Plaintiff has suffered permanent physical disfigurement, including an extensive and permanent scar. Plaintiff's pre-existing medical conditions complicated her recovery and treatment.

11. Following the incident, Plaintiff reported the defect and her injuries to SAMSUNG. SAMSUNG instructed Plaintiff to ship the device for evaluation and specifically directed Plaintiff not to reset the unit.

12. On or about November 22, 2024, in compliance with SAMSUNG's instructions, Plaintiff shipped the subject device to SAMSUNG's evaluation facility. The device was shipped in specialized Samsung-provided packaging designated for damaged or defective lithium-ion batteries, bearing hazardous materials classification UN3481.

**EXHIBIT "A"**

13.    As of the date of this filing, Defendant SAMSUNG remains in exclusive physical possession of the subject device—which constitutes the primary physical evidence of the defect—and has refused to return it despite Plaintiff's requests. SAMSUNG has ceased all communication with Plaintiff.

<u>**COUNT I**</u>
**<u>STRICT PRODUCTS LIABILITY (DESIGN DEFECT) OF THE DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.</u>**

14.    The Plaintiff realleges and reavers paragraphs one (1) through thirteen (13) as if fully set forth herein and states:

15.    SAMSUNG designed, manufactured, and placed the Samsung Galaxy S21 5G into the stream of commerce.

16.    The device was in a defective condition when it left the control of Defendant SAMSUNG, rendering it unreasonably dangerous.

17.    The device was defective in its design because the lithium-ion battery and thermal management systems were inherently unstable and prone to thermal runaway, creating a foreseeable risk of catastrophic overheating and severe burn injury that outweighed any utility of the product's design.

18.    The device failed to perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner.

19.    Safer alternative designs for lithium-ion battery thermal management systems were technologically and economically feasible at the time of manufacture and would have prevented or significantly reduced the risk of Plaintiff's injury.

20.    As a direct and proximate result of the defective and unreasonably dangerous design of the device, the Plaintiff has suffered in the past, and will suffer in the future, damages which are permanent in nature including, but not limited to physical injury; physical and mental pain and suffering; mental anguish and emotional distress; the loss of ability to enjoy life; permanent disfigurement; and, past and future medical and related expenses.

**WHEREFORE**, Plaintiff, JENNIFER KRAVCHUCK, demands judgment against Defendant, SAMSUNG ELECTRONICS AMERICA, INC., and trial by jury of all issues so triable as a matter of right, and such further relief as the Court may deem just and proper.

**EXHIBIT "A"**

## COUNT II
## NEGLIGENCE OF THE DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.

21.    The Plaintiff realleges and reavers paragraphs one (1) through thirteen (13) as if fully set forth herein and states:

22.    At all times material hereto, SAMSUNG owed Plaintiff a duty of care to design, manufacture, test, and distribute a mobile device that was reasonably safe for its intended and foreseeable use.

23.    SAMSUNG breached its duty of care to Plaintiff by committing one or more of the following acts or omissions:

   a. failing to implement adequate quality control and testing procedures to identify and prevent thermal runaway defects in the Galaxy S21 5G lithium-ion battery system;

   b. failing to implement adequate post-sale safety monitoring to identify and respond to reports of battery defects in the Galaxy S21 series;

   c. failing to issue a recall or safety bulletin despite knowledge of battery swelling and overheating conditions in the S21 series;

   d. failing to adequately warn consumers of the known risk of thermal runaway and burn injury;

   e. retaining Plaintiff's device and refusing to return it despite multiple requests, thereby depriving Plaintiff of critical evidence;

   f. ceasing all communication with Plaintiff.

24.    As a direct and proximate result of SAMSUNG's negligence, the Plaintiff has suffered in the past, and will suffer in the future, damages which are permanent in nature including, but not limited to physical injury; physical and mental pain and suffering; mental anguish and emotional distress; the loss of ability to enjoy life; permanent disfigurement; and, past and future medical and related expenses.

   **WHEREFORE**, Plaintiff, JENNIFER KRAVCHUCK, demands judgment against Defendant, SAMSUNG ELECTRONICS AMERICA, INC., and trial by jury of all issues so triable as a matter of right, and such further relief as the Court may deem just and proper.

## EXHIBIT "A"

## COUNT III
## STRICT PRODUCTS LIABILITY (FAILURE TO WARN) OF THE DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.

25.    The Plaintiff realleges and reavers paragraphs one (1) through thirteen (13) as if fully set forth herein and states:

26.    SAMSUNG had knowledge of the Galaxy S21 5G's propensity to overheat and experience battery swelling, as documented in SAMSUNG's own internal warranty protocols and as evidenced by the specialized hazardous materials shipping packaging SAMSUNG provided for the return of the device.

27.    Despite this knowledge, SAMSUNG failed to provide adequate and conspicuous warnings to consumers regarding the danger of thermal runaway, spontaneous overheating, and the specific risk of burn injury associated with the device.

28.    SAMSUNG's failure to warn was a proximate cause of Plaintiff's injuries, as adequate warnings would have caused Plaintiff to take precautions or cease using the device in a manner that exposed her to the risk of injury.

29.    As a direct and proximate result of SAMSUNG's failure to warn, the Plaintiff has suffered in the past, and will suffer in the future, damages which are permanent in nature including, but not limited to physical injury; physical and mental pain and suffering; mental anguish and emotional distress; the loss of ability to enjoy life; permanent disfigurement; and, past and future medical and related expenses.

**WHEREFORE**, Plaintiff, JENNIFER KRAVCHUCK, demands judgment against Defendant, SAMSUNG ELECTRONICS AMERICA, INC., and trial by jury of all issues so triable as a matter of right, and such further relief as the Court may deem just and proper.


## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY OF THE DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.

30.    The Plaintiff realleges and reavers paragraphs one (1) through thirteen (13) as if fully set forth herein and states:


**EXHIBIT "A"**

31.     At the time the Galaxy S21 5G was sold, SAMSUNG, as manufacturer, impliedly warranted that the device was merchantable and fit for the ordinary purposes for which such a product is used, pursuant to Florida Statutes § 672.314.

32.     The Galaxy S21 5G was not merchantable and was not fit for its ordinary purposes because it contained a defective lithium-ion battery and thermal management system that rendered the device unreasonably dangerous during normal and foreseeable use.

33.     SAMSUNG breached the implied warranty of merchantability because the device was defective and unreasonably dangerous at the time it was placed into the stream of commerce.

34.     Plaintiff provided SAMSUNG with reasonable notice of the breach.

35.     As a direct and proximate result of SAMSUNG's breach of the implied warranty of merchantability, the Plaintiff has suffered in the past, and will suffer in the future, damages which are permanent in nature including, but not limited to physical injury; physical and mental pain and suffering; mental anguish and emotional distress; the loss of ability to enjoy life; permanent disfigurement; and, past and future medical and related expenses.

**WHEREFORE**, Plaintiff, JENNIFER KRAVCHUCK, demands judgment against Defendant, SAMSUNG ELECTRONICS AMERICA, INC., and trial by jury of all issues so triable as a matter of right, and such further relief as the Court may deem just and proper.

**COUNT V**
**STRICT PRODUCTS LIABILITY (COMMERCIAL SELLER) OF THE DEFENDANT, T-MOBILE USA, INC.**

36.     The Plaintiff realleges and reavers paragraphs one (1) through five (5) and paragraphs six (6) through eight (8) as if fully set forth herein and states:

37.     On or about March 10, 2022, T-MOBILE, acting as successor in interest to Sprint, sold the subject Samsung Galaxy S21 5G to Plaintiff. T-MOBILE is a "commercial seller" within the meaning of Florida's strict products liability doctrine.

38.     As a commercial seller that placed the defective device into the stream of commerce, T-MOBILE is strictly liable for selling a product that was in a defective and unreasonably dangerous condition at the time of sale, regardless of fault.

**EXHIBIT "A"**

39.    As a direct and proximate result of T-MOBILE placing the defective and unreasonably dangerous product into the stream of commerce, the Plaintiff has suffered in the past, and will suffer in the future, damages which are permanent in nature including, but not limited to physical injury; physical and mental pain and suffering; mental anguish and emotional distress; the loss of ability to enjoy life; permanent disfigurement; and, past and future medical and related expenses.

**WHEREFORE**, Plaintiff, JENNIFER KRAVCHUCK, demands judgment against Defendant, T-MOBILE USA, INC., and trial by jury of all issues so triable as a matter of right, and such further relief as the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff demands a trial by jury of all issues so triable for all counts.

Dated on this 25th day of February 2026.

Respectfully submitted,

/s/ Awad M. Zitawi Vazquez

_____

Awad Zitawi-Vazquez, Esquire
FBN: 127222
The Pendas Law Firm
625 E. Colonial Drive
Orlando, FL 32803
Telephone: (407) 352-3535
Facsimile: (407) 770-6066
Primary email: azvazquez@pendaslaw.com
Secondary email: narguinzoni@pendaslaw.com
Tertiary email: pleadings@pendaslaw.com

**EXHIBIT "A"**